# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UEL JOE FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-CV-96-ACL |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's failure to comply with this Court's Order of June 8, 2015 [Doc. #2]. Plaintiff was ordered to file, within thirty days, an amended complaint and either the $400 filing fee or a motion to proceed in forma pauperis. In addition, the Court warned plaintiff that his failure to comply with the Order would result in the dismissal of this action, without prejudice. To date, plaintiff has failed to pay the $400 filing fee or a motion to proceed in forma pauperis, and his time for doing so has expired.

Moreover, although plaintiff has filed a motion for an extension of time in which to file an amended complaint [Doc. #3], in the motion, he admits he has not yet exhausted his prison administrative grievances. Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Where, as in the instant case, it is apparent from the face of the pleadings and motions that a plaintiff has not met the applicable exhaustion requirements, a Court may properly dismiss an in forma pauperis complaint prior to service. *Cf. Smith v. Unknown Corrections Officer*, 196 Fed.Appx. 451, 2006 WL 2620837 (8th Cir. 2006). As noted above, plaintiff concedes that he did not exhaust his available administrative remedies before filing the instant action. Therefore, his claims presently are barred by 42 U.S.C. § 1997e(a)

Therefore,

**IT IS HEREBY ORDERED** that plaintiff's motion for an extension of time to file an amended complaint [Doc. #3] is **DENIED**, because he states he has not yet exhausted his prison grievances.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice, for plaintiff's failure to comply with the Court's Order of June 8, 2015, and for failure to exhaust the prison grievance system prior to filing this action. *See* Fed. R. Civ. P. 41(b); 42 U.S.C. § 1997e(a).[1]

---

[1]This dismissal shall not count as a strike against plaintiff for purposes of 28 U.S.C. § 1915(g).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of July, 2015.

                                **/s/ Jean C. Hamilton**
                                **UNITED STATES DISTRICT JUDGE**